**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: Robert A. & Lorraina K. Meredith | Case No. 15-32164-KRH |
| Debtors | Chapter 13 |

**721 Welsh Drive
Ruther Glen, Virginia 22546**

**xxx-xx-1775
xxx-xx-5226**

### NOTICE OF MOTION TO CONTINUE THE AUTOMATIC STAY AND HEARING

     The above named Debtors, by counsel, have filed a Motion for Continuation of the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON May 20, 2015 at 10:00 a.m. in Honorable Keith L. Phillips's Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

     If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

                                      Clerk of Court
                                      United States Bankruptcy Court
                                      701 E. Broad Street,  Suite 4000
                                      Richmond, VA 23219-3515

**Amanda Erin DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

  2.  You must also mail a copy to:

    Boleman Law Firm, P.C.
    P. O. Box 11588
    Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

    Respectfully submitted,

    ROBERT A. & LORRAINA K. MEREDITH
    By Counsel:

    /s/ **Amanda Erin DeBerry**
    **Amanda Erin DeBerry** (VSB# **83805**)
    Boleman Law Firm, P.C.
    P. O. Box 11588
    Richmond, Virginia 23230-1588
    Telephone (804) 358-9900
    Counsel for Debtors

## **CERTIFICATE OF SERVICE**

  I certify that on May 6, 2015, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties of interest in the mailing matrix attached hereto.

    /s/ **Amanda Erin DeBerry**
    Counsel for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Robert A. & Lorraina K. Meredith           Case No. 15-32164-KRH
Debtors                                                                Chapter 13

## MOTION TO CONTINUE AUTOMATIC STAY AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** ROBERT A. & LORRAINA K. MEREDITH (the "Debtors"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Continue Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtors.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Background Facts

4. On April 24, 2015 (hereinafter the "Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtors have been debtors in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on

**Amanda Erin DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

August 2, 2011, and dismissed on April 24, 2015 (Case No. 11-34978-KLP). The previous case was dismissed by the Court because of payment default. Mrs. Meredith was out of work due to an injury, and did not receive any compensation during that time. Due to the reduced household income, the Merediths were unable to maintain their plan payments.

6. Mr. and Mrs. Meredith have also been joint debtors in two prior Chapter 7 bankruptcy cases. The first was filed April 22, 1988, and discharged September 21, 1988 (Case No. 88-00398-RJW). The second was filed May 26, 1993, and discharged September 14, 1995 (Case No. 93-00967-RJW).

7. Mrs. Meredith has also been a sole debtor in a prior Chapter 7 bankruptcy case which was filed June 2, 2000, and discharged December 13, 2000 (Case No. 00-02434-RJW). She has also been a sole debtor in an additional prior Chapter 13 bankruptcy case, which was filed May 11, 2007, and dismissed July 29, 2011 (Case No. 07-31765-DOT).

## Facts of the Instant Case

8. In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $920.00 per month, for a period of 60 months.

9. Among other provisions, the Plan proposes the following: payment through the Trustee to Chase for mortgage arrears; to Heritage Point Association for a lien associated with a lot of land; to the County of Caroline, Internal Revenue Service, and Virginia Department of Taxation for certain tax debts; Debtors' unsecured creditors are scheduled to be paid a 100% dividend.

**Discussion**

10. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " on May 24, 2015, unless the Court extends the automatic stay.  11 U.S.C. § 362(c)(3)(A) and (B).

11. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtors must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

12. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence.  If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence.  In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

13. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr.E.D.Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

14. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the Debtors' financial

situation, the period of time payment will be made, the Debtors' employment history and prospects, the nature and amount of unsecured claims, the Debtors' past bankruptcy filings, the Debtors' honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, citing Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, citing Deans at 972, and quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

15. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13."

Chaney at 694.

## **Argument**

16. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtors must prove by clear and convincing evidence that the instant case was filed in good faith.

17. In the instant case, the Debtors have acted in good faith, and Debtors requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtors and Debtors' property, and as to the property of the estate for the duration of

the instant case. In support thereof, Debtors submit an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

18.     Applying the <u>Neufeld</u> factors to Debtors' circumstances and to this case leads to the following conclusions:

a.     *Percentage of proposed repayment -* The Plan proposes to pay a dividend of 100% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case.  Application of this factor favors a finding of good faith.

b.     *Debtors' financial situation* – Debtors have income from Mr. Meredith's employment with the US Department of Transportation and Mrs. Meredith's employment with the US Department of Agriculture, as well as social security. A significant positive change in the Debtors' financial circumstances has also taken place since the dismissal of the previous case. Specifically, Mrs. Meredith has returned to work full-time. Additionally, Debtors' income is likely to remain consistent throughout this case.  Debtors' financial situation does not allow for the maintenance of unnecessary expenses for luxury items but allows for the maintenance of an average standard of living for Debtors' household and the successful completion of the terms of the Chapter 13 Plan. Application of this factor favors a finding of good faith.

c.     *Period of time payment will be made -* The period of time in which payments will be made is reasonable and is based upon the Debtors' best efforts. Application of this factor favors a finding of good faith.

d.     *Debtors' employment history and prospects* – Mr. Meredith has been with his employer since 2001, and Mrs. Meredith has been with her employer

since 2004. Application of this factor favors a finding of good faith.

   e. *Nature and amount of unsecured claims* - Debtors' non-priority unsecured debts are estimated to be approximately $17,201.88. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

   f. *Debtors' past bankruptcy filings* - The instant Motion is required due to the fact that Debtor was a debtor in a previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtors' hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

   g. *Debtors' honesty in representing facts* – Debtors have fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

   h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtors. Application of this factor favors a finding of good faith.

  19. Debtors assert that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter

13". *See* Chaney at 694. In support hereof, Debtor asserts the following additional arguments:

    a.    *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtors did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtors' actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.    *How the debts arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c.    *The Debtors' motive in filing the petition* – Debtors' motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the Debtors' actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtors' changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtors' ability to complete this case. Debtors incorporate such explanations herein

by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, ROBERT A. & LORRAINA K. MEREDITH respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtors and Debtors' property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

ROBERT A. & LORRAINA K. MEREDITH
By Counsel:

/s/ **Amanda Erin DeBerry**
**Amanda Erin DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, Virginia 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

## CERTIFICATE OF SERVICE

I certify that on May 6, 2015, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties of interest in the mailing matrix attached hereto.

/s/ **Amanda Erin DeBerry**
Counsel for Debtors

| | | |
|---|---|---|
| Office of the US Trustee<br>701 E. Broad Street<br>Room 4304<br>Richmond, VA 23219 | Advanced Technologies in Home<br>4116 Fitzhugh Avenue<br>Richmond, VA 23230 | AES/PHEAA<br>1200 North 7th Street<br>Harrisburg, PA 17102 |
| American Education Services<br>P.O. Box 2461<br>Harrisburg, PA 17105 | American General Finance<br>121 Junction Drive<br>PO Box 764<br>Ashland, VA 23005-2200 | American General Finance<br>Attn: Bankruptcy<br>P.O. Box 3121<br>Evansville, IN 47731 |
| Applied Card Bank<br>Re: Bankruptcy<br>P.O. Box 17120<br>Wilmington, DE 19886-7120 | Bank of America<br>Attn: Bankruptcy Dept.<br>P.O. Box 1390<br>Norfolk, VA 23501 | Bank of Marin<br>PO Box 2039<br>Novato, CA 94948 |
| Blair Corp<br>307 Liberty St<br>Warren, PA 16366 | Bon Secours Richmond Health Sy<br>P.O. Box 28538<br>Henrico, VA 23228 | Capital One<br>Attn: Bankruptcy<br>PO Box 85167<br>Richmond, VA 23285-5167 |
| Central Credit Audit<br>100 N 3rd St<br>Sunbury, PA 17801 | Chase<br>Attn: Bankruptcy Dept<br>201 N. Walnut Street<br>Wilmington, DE 19801 | County of Caroline<br>Attn: Elizabeth B Curran<br>P.O. Box 431<br>Bowling Green, VA 22427 |
| County of Frederick<br>Treasure of Frederick<br>P.O.Box 220<br>Winchester, VA 22604 | Credit Control<br>P.O. Box 488<br>Hazelwood, MO 63042-0488 | Credit One<br>PO BOX 625<br>Metairie, LA 70004 |
| Discover<br>Attn: Bankruptcy Dept<br>P.O. Box 8003<br>Hilliard, OH 43026-9900 | East Bay Funding, LLC<br>c/o Resurgent Capital Services<br>PO Box 288<br>Greenville, SC 29603 | Eastern Radiologists Inc.<br>2101 W. Arlington Blvd.<br>Suite 210<br>Greenville, NC 27834-5758 |
| ECMC<br>PO Box 16408<br>Saint Paul, MN 55116-0408 | Fair Collections & Outsourcing<br>6931 Arlington Road Ste 400<br>Re: Pennsylvania St<br>Bethesda, MD 20814-5231 | FCNB Processing Center<br>RE: Bankruptcy<br>9300 Gemini Drive<br>Beaverton, OR 97078 |

G W University Hospital
P.O. Box 31001-0827
Pasadena, CA 91110-0827

GEMB/KIRK
PO Box 981400
El Paso, TX 79998

Glasser & Glasser
PO Box 3400
Norfolk, VA 23514

Hearing Clinics of Va
Re: Bankrutpcy
204 N. Hamilton St, Ste 3
Richmond, VA 23221

Henrico Doctor's Hosp.
Attn: Bankruptcy Dept
PO BOX 31171
Tampa, FL 33631

Heritage Excavating, LLC
11903 Bowman Drive #101
Fredericksburg, VA 22408

Heritage Point Association
PO Box 208
Mollusk, VA 22517

Household Bank
Attn: Bankruptcy Dept.
PO Box 60102
City Of Industry, CA 91716-0102

HSBC Bank
PO Box 5253
Carol Stream, IL 60197

HSBC NV
Re: Bankruptcy
1441 Schilling Place
Salinas, CA 93901

Internal Revenue Service
400 N Eighth St Rm 898
P.O. Box 10025
Richmond, VA 23240

LVNV Funding LLC
c/o Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Mary Washington Home Health
5012 Southpoint Parkway
Fredericksburg, VA 22407

Mary Washington Hospital
12000 Kennedy Lane
Suite 100
Fredericksburg, VA 22407

MCV Hospitals
Attn: Bankruptcy Dept
P.O. Box 980462
Richmond, VA 23298-0462

MCV Physicians
Re: Bankruptcy
PO Box 758721
Baltimore, MD 21275

Medical Faculty Associates
P.O. Box 48458
Oak Park, MI 48237

Midland Cred
8875 Aero Dr Suite 200
San Diego, CA 92123

N American Cable
Po Box 827
Edgemont, PA 19028

Pellettieri & Associates
RE:  St Mary's
991 Oak Creek Dr
Lombard, IL 60148-6408

Portfolio Acquisitions
2425 Commerce Ave Ste 10
Re: Direct Marketing
Duluth, GA 30096

Powell, Rogers & Speaks
Re: Stop Shop
PO Box 61107
Harrisburg, PA 17106-1107

Receivables Management
Re: Patient First
7206 Hull Street Rd, Ste 211
Richmond, VA 23235

Resurgent Capital Services
PO Box 1927
Greenville, SC 29602

Spotsylvania Reg Med Ctr
PO Box 13620
Richmond, VA 23225

Spotsylvania Regional Med Ctr
PO Box 99400
Louisville, KY 40269

St. Mary's Hospital
Attn: Bankruptcy Dept
P.O. Box 100767
Atlanta, GA 30384-0767

| | | |
|---|---|---|
| The GW University Hospital<br>P.O. Box 31001-0827<br>Pasadena, CA 91110-0827 | Transportation Federal Credit<br>PO Box 70440<br>Washington, DC 20024 | Transworld Systems Inc.<br>Re: Hearing Clinics of VA<br>4560 South Blvd., Suite 100<br>Virginia Beach, VA 23452 |
| United Consumers, Inc.<br>Re: Alexandria Inova Hospital<br>P.O. Box 4466<br>Woodbridge, VA 22194 | US Department of Education<br>Direct Loan Servicing Center<br>PO Box 5609<br>Greenville, TX 75403-5609 | US Department of Education<br>Direct Loan Servicing Center<br>PO Box 105028<br>Atlanta, GA 30348-5028 |
| Virginia Dept of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218 | Wakefield & Associates<br>3091 S. Jamaica Ct., Ste 200<br>Aurora, CO 80014-2639 | Washington Mutual /Countrywide<br>Attn: Bankruptcy Dept<br>P.O. Box 660694<br>Dallas, TX 75266-0694 |
| West Asset Management<br>Re:Sky Ridge Medical Center<br>PO Box 1420<br>Sherman, TX 75091-1420 | West Asset Management<br>Re:  Henrico Doctors Hospital<br>PO Box 1420<br>Sherman, TX 75091-1420 | William Meredith<br>721 Welsh Drive<br>Ruther Glen, VA 22546 |

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**In re: Robert A. & Lorraina K. Meredith**

---

### EXHIBIT "1" TO MOTION TO CONTINUE STAY AND MEMORANDUM IN SUPPORT THEREOF

### JOINT AFFIDAVIT OF Robert A. & Lorraina K. Meredith

BEFORE ME, the undersigned authority, personally appeared Robert Arthur Meredith and Lorraina Kay Meredith, known to me, and upon their oaths, stated as follows:

1. Our names are Robert Arthur Meredith and Lorraina Kay Meredith. We are above the age of 18 years, and competent to make this affidavit. We have personal knowledge of the facts set forth in this affidavit.

2. We reside at 721 Welsh Drive, Ruther Glen, VA 22546.

3. We have income from wages. Our income is stable, and we do not expect it to change in the future.

4. We are the debtors in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, we were debtors in one (1) pending bankruptcy case that was dismissed.

6. The previous case was a Chapter 13 bankruptcy case filed on August 21, 2011, and dismissed on or about April 15, 2015 (Case No. 11-34978-KLP) (the "previous case").

7. The previous case was dismissed because of payment default. We fell behind in our payments because Mrs. Meredith was out of work for a period of time due to a work injury, but did not receive any Worker's Compensation benefits.

8. Since the dismissal of the previous case, we have experienced a significant positive change in our financial circumstances in that Mrs. Meredith is now back at work full time.

9. We believe that these changes in circumstances will enable us to successfully complete this bankruptcy case.

10. We have listed all of our assets and all of our debt and have fully and accurately disclosed all of our income and expenses in the Schedules in this case.

11. We will propose the following treatment of our creditors in our Chapter 13 Plan: pay our mortgage arrears and HOA arrears, pay our taxes, and provide a reasonable dividend to our unsecured creditors

12. We are proposing to pay the Trustee all projected disposable income, $920.00 per month, for a period of 60 months.

13. After the dismissal of our previous case, we acted as fast as we reasonably could to retain a bankruptcy attorney to file this case for us because we want to use the bankruptcy system to resolve our debts.

14. Our debts arose as a result of ordinary living expenses. The credit card debt we have has accumulated over several years and is not the result of any purchases of luxury goods or services. We have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

15. We desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade our responsibilities or delay our creditors' attempts to collect. In addition to repaying our creditors what we can afford and obtain a discharge of our indebtedness, the purpose of our bankruptcy filing is to keep our home and pay our taxes.

16. Our income is consistent and likely to remain so during this case. Our household expenses are not likely to change substantially. We believe we will be able to make our payments to the Trustee and meet our other obligations as they come due throughout this case.

WITNESS the following signatures and seals this <u>22nd</u> day of <u>April, 2015</u>.

<u>/s/ Robert Arthur Meredith </u>(seal)
Robert Arthur Meredith

<u>/s/ Lorraina Kay Meredith </u>(seal)
Lorraina Kay Meredith

CERTIFICATE OF ACKNOWLEDGMENT:
Commonwealth of Virginia
City of Richmond, to wit:

The foregoing instrument was acknowledged before me this <u>22nd</u> day of <u>April, 2015</u>, by Robert Arthur Meredith and Lorraina Kay Meredith.

My Commission Expires:  8/31/17      /s/  Tavarris J. Spinks
                                     Notary Public


Notary Registration Number
7549474